IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BALDEMAR ARTEAGA,

    Plaintiff,

v.                                         CASE NO. 25-3074-JWL

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff, a federal prisoner incarcerated at FCI Fairton in Fairton, New Jersey, brings this pro se action under the Federal Tort Claims Act ("FTCA"). Plaintiff's claim arose during his incarceration at FCI Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL").

**I. Nature of the Matter before the Court**

Plaintiff alleges that on February 15, 2022, at around 8:00 a.m., he was violently assaulted by three prisoners. (Doc. 3-1, at 2.) The attack lasted for about 30 minutes. Plaintiff was stabbed 16 times, beaten over the head, and kicked and stomped in the head. *Id*. Plaintiff yelled to the corrections officers ("COs") on watch for help. *Id*. Plaintiff asserts that the COs heard him, looked out from the office, and ignored his pleas for assistance. *Id*. No CO took any action until the assailants had exhausted themselves and Plaintiff was severely injured. *Id*.

According to Plaintiff, staff did not issue any disciplinary or incident reports. *Id*. The three assailants and Plaintiff were all placed in the Special Housing Unit ("SHU"). The attackers were released from the SHU after three weeks while Plaintiff remained in the SHU until transferred to

another facility. *Id*. Plaintiff alleges that investigative staff refused to speak with him or acknowledge his request to preserve any video of the attack. *Id*.

Plaintiff states that as a result of the attack, he suffered injuries to his head, neck, face, torso, and legs. *Id*. at 3. He suffers from severe anxiety, panic attacks, difficulty sleeping, severe paranoia, and depression. *Id*.

Plaintiff alleges that federal employees are responsible for failing to provide meaningful oversight of FCI Leavenworth and for failing to intervene in the attack. *Id*. at 1.

Plaintiff further alleges that he has exhausted his administrative remedies. *Id*. He attaches a letter dated October 22, 2024, from Mary Noland, Regional Counsel for the North Central Regional Office of the Federal Bureau of Prisons, denying his tort claim. *Id*. at 5. The letter states that his claim has been "considered for administrative review", and investigation did not reveal that he suffered any personal injury as a result of the negligent acts or omissions of BOP personnel acting within the scope of their employment. *Id*. The letter further states that it is a final denial of claim under 28 C.F.R. § 14.9, and Plaintiff may file suit no later than six months after the date of mailing of the letter. *Id*.

Plaintiff names as defendant the United States of America. Plaintiff seeks compensatory damages of $5 million. *Id*. at 3.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must

dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

3

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff asserts a claim under the Federal Tort Claims Act ("FTCA"). The FTCA, 28 U.S.C. §§ 1346(b)(1), "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). The statute provides:

> ...the district courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346(b)(1). In other words, the government only waives its sovereign immunity

when the claimant would have a viable claim against a private party under the laws of the subject state – in this case, Kansas.

"Under Kansas law, to recover for negligence, a plaintiff must establish the existence of a duty, a breach of that duty, an injury, and a causal connection between the duty breached and the injury suffered." *Buford v. United States*, No. 97-2263-JWL, 1999 WL 319078, at *5–7 (D. Kan. Apr. 28, 1999) (citing *McGee v. Chalfant,* 806 P.2d 980, 983 (Kan. 1991)); *see also Harris v. Werholtz*, 260 P.3d 101 (Table), 2011 WL 4440314, *2 (Kan. App. 2011)

Kansas courts have held that "prison officials owe a duty of ordinary or reasonable care to safeguard a prisoner in their custody or control from attack by other prisoners." *Washington v. State,* 839 P.2d 555, 559 (Kan. App. 1992) (adopting the standard set forth in RESTATEMENT (SECOND) OF TORTS § 320); *see also Cupples v. State,* 861 P.2d 1360, 1369 (Kan. App. 1993) and *Harris*, 2011 WL 4440314, *2-3.  That said, the government's "duty to protect inmates from foreseeable harm does not make it the insurer of the safety of a prisoner from unforeseeable harm." *Cupples,* 861 P.2d at 1369 (citing *Washington,* 839 P.2d at 559). "Thus, absent a 'determination that the danger was known or, in the exercise of ordinary care, should have been known by a prison official,' the duty of reasonable care to provide for the safety of inmates is not violated.'" *Buford*, 1999 WL 319078, at *5 (quoting *Washington,* 839 P.2d at 559).  Consequently, prison officials "only become[ ] liable in the event that damage proximately results from a failure to exercise reasonable care to prevent harm." *Washington,* 839 P.2d at 559

To the extent Plaintiff is bringing a claim for failure to prevent the attack, the Complaint does not include sufficient allegations to demonstrate that the attack was foreseeable.  However, Plaintiff alleges that the attack lasted for 30 minutes, that he yelled for help, and that the BOP officers on duty heard him, looked out from the office, and ignored his pleas for assistance.

Accepting the allegations as true at this screening stage, the failure to intervene to stop the attack sooner could be found to breach the duty of reasonable care.

The District of Colorado recently considered an FTCA claim based on facts similar to those alleged by Plaintiff. *Martin v. United States*, No. 21-CV-02107-MDB, 2023 WL 2743279 (D. Colo. Mar. 31, 2023). In *Martin*, the plaintiff "alleged that he was violently attacked for several minutes in a location observable from several locations by BOP employees" and that that one BOP employee told him he saw some portion of the attack. The court looked to Tenth Circuit law on failure to intervene in the § 1983 excessive force context, finding "the Tenth Circuit has held that to hold a defendant liable based on a failure to intervene, the defendant 'must have had a realistic opportunity to intervene to prevent harm from occurring.'" *Id.* at *10–11 (quoting *Savannah v. Collins*, 547 F. App'x 874, 876 (10th Cir. 2013)). "The analysis turns on the length of the attack and the position one is in to observe and intervene in the attack." *Id*. (citing *see, e.g.*, *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2nd Cir. 1988) (holding that defendant had no duty to intervene when "three blows were struck in such rapid succession that [the defendant] had no realistic opportunity to attempt to prevent them")). However, "[t]he determination of whether a defendant had a realistic opportunity to intervene ... is typically an issue of fact which cannot be resolved on a motion to dismiss." *Id*. (citing *Rustgi v. Reams*, 536 F. Supp. 3d 802, 816 (D. Colo. 2021); *Hogan v. Okla. Dep't of Corr.*, 24 F. App'x 984, 985 (10th Cir. 2002)).)

The *Martin* court concluded that "it is at least plausible that BOP employees, while owing a duty of care to Plaintiff, breached that duty by failing to intervene in the attack causing Plaintiff to suffer additional injuries. Accordingly, the Court declines to dismiss this claim." *Id*.

The Court finds that Plaintiff's allegations are sufficient to survive screening under 28 U.S.C. § 1915A. The allegations, taken as true, plausibly show that BOP employees breached a

duty of care owed to Plaintiff by failing to intervene in the attack and that Plaintiff suffered additional injuries as a result.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint survives the Court's screening under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve the defendant under Fed. R. Civ. P. 4(i).

**IT IS FURTHER ORDERED** that the defendant shall have until **September 5, 2025,** to answer or otherwise respond to the Complaint.

**IT IS SO ORDERED**.

**Dated August 5, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**